**Nathan G. Wagner**
SIEFERT & WAGNER, PLLC
1135 Strand Avenue, Suite A
Missoula, Montana 59801
Telephone:  406-226-2552
Facsimile:   406-226-2553
E-Mail:       nate@swl.legal; mail@swl.legal

*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| DAN ROBERT LOEFFLER, | Cause No. |
|---|---|
| Plaintiff, | |
| v. | |
| RAVALLI COUNTY; JARIN GASSETT; KEENAN COLVIN; JED SPENCER; JONATHAN VAN ORDEN; BRAD WESTON; SCOTT BURLINGHAM; DAVID FRANK MORGAN; BRIAN SCOTT MORGAN; MATTHEW MITTELSTAEDT; DOES 1-10; and CORPORATIONS A-J, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff, Dan Robert Loeffler (hereinafter "Plaintiff," or "Loeffler"), for his claims against Defendants, alleges as follows:

### NATURE OF ACTION

1. This is a civil rights action arising from Defendants' use of excessive force, violation of policies and procedures, assault and battery, negligence, defamation,

1

malicious prosecution, and intentional infliction of emotional distress, resulting in serious injury to Plaintiff, on or about May 15, 2022, in Stevensville, Ravalli County, Montana. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of Montana. Congress enacted the Civil Rights Act in order to protect the rights of Plaintiff and others similarly situated that are guaranteed to all Americans by the Constitution. In this action, the Officer Defendants acted unreasonably, in the absence of good faith, and without due care thereby violating Plaintiff's clearly established rights.

2.     This is also a Defamation and Intentional Infliction of Emotional Distress case due to the false and retaliatory report made by Defendants Morgans and Mittelstaedt to law enforcement which resulted in some of the harm committed by law enforcement against Loeffler.

## JURISDICTION AND VENUE

3.     Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the Constitution and law of the United States, and because the Court has supplemental jurisdiction over the state law claims under 18 U.S.C. § 1367.

4.     Venue is proper in this Court because the acts and omissions affirmatively alleged herein occurred in Stevensville, Ravalli County, Montana.

5.     Because these claims are not made against the State of Montana or one of its

agencies, Mont. Code Ann. § 2-9-301 does not apply and Plaintiff is not required to present his claims to the Department of Administration before filing this Complaint in District Court.

## PARTIES

6. Plaintiff brings this action against Defendants for the damages sought herein. Plaintiff was at all times relevant, a resident of Ravalli County, Montana.

7. Defendant, Ravalli County ("the County"), is a political subdivision of the state of Montana. At all times relevant, the County was responsible under the laws of agency, vicarious liability and *respondeat superior* for all wrongful, negligent and/or other improper conduct, acts and/or omission of the Ravalli County Sheriff's Office ("RCSO") and the Ravalli County Detention Center ("RCDC"), as well as its officers, agents, and employees. RCSO is the County's law enforcement division. RCDC is the County's detention facility.

8. Defendant, Jarin Gassett ("Gassett"), is a deputy with RCSO. At all times relevant, Defendant Gassett was acting within the course and scope of his employment. Defendant Gassett is sued in his individual capacity.

9. Defendant, Keenan Colvin ("Colvin"), is a deputy with RCSO. At all times relevant, Defendant Colvin was acting within the course and scope of his employment. Defendant Colvin is sued in his individual capacity.

10. Defendant, Jed Spencer ("Spencer"), is a deputy with RCSO. At all times

relevant, Defendant Spencer was acting within the course and scope of his employment. Defendant Spencer is sued in his individual capacity.

11.     Defendant, Jonathon Van Orden ("Van Orden"), is a deputy with RCSO. At all times relevant, Defendant Van Orden was acting within the course and scope of his employment. Defendant Van Orden is sued in his individual capacity.

12.     Defendant, Brad Weston ("Weston"), is a deputy with RCSO. At all times relevant, Defendant Weston was acting within the course and scope of his employment. Defendant Weston is sued in his individual capacity.

13.     Defendant, Scott Burlingham ("Burlingham"), was a detective with RCSO. At all times relevant, Defendant Burlingham was acting within the course and scope of his employment. Defendant Burlingham is sued in his individual capacity.

14.     Defendant David Morgan is the one of the parties who made the false report to law enforcement regarding the May 15, 2022, incident. Defendant David Morgan is sued in his individual capacity.

15.     Defendant Brian Morgan is the son of David Morgan and is another of the parties who made the false report to law enforcement regarding the May 15, 2022, incident. Defendant Brian Morgan is sued in his individual capacity.

16.     Defendant Matt Mittelstaedt is a friend of Brian Morgan and is another of the parties who made the false report to law enforcement regarding the May 15, 2022, incident. Defendant Matt Mittelstaedt is sued in his individual capacity.

17. Defendants, Does 1-10, are individuals with identities currently unknown which bear some or all of the liability associated with Plaintiff's claims. It is Plaintiff's belief that these fictitious Defendants participated or assisted in the performance of the wrongful acts and omissions described within this Complaint, although the full extent of their involvement is unknown at this time. Alternatively, these Defendants acted as principles or agents, actual or ostensible of other named Defendants in performing the wrongful acts and omissions described herein, although the full extent of their involvement is currently unknown. Further, one or more of the Doe Defendants were, at all times relevant, responsible for the hiring, screening, training, supervision, rehabilitation and discipline of other Defendants. If and when the names and capacities of these Defendants have been ascertained, appropriate amendments will be sought and accordingly filed.

18. Defendants, Corporations A-J, are entities with identities currently unknown which bear some or all of the liability associated with Plaintiff's claims. It is Plaintiff's belief that these fictitious Defendants participated or assisted in the performance of the wrongful acts and omissions described within this Complaint, although the full extent of their involvement is unknown at this time. Alternatively, these Defendants acted as principles or agents, actual or ostensible of other named Defendants in performing the wrongful acts and omissions described herein, although the full extent of their involvement is currently unknown. If and when the

names and capacities of these Defendants have been ascertained, appropriate amendments will be sought and accordingly filed.

19. Upon information and belief, each of the Defendants named herein were, at all times relevant, agents, servants, employees, partners, joint venturers, co-conspirators, and/or alter egos of the remaining Defendants, and in engaging in the acts and omissions alleged herein were acting within the course and scope of those relationships. Upon further information and belief, each of the Defendants herein gave consent, aided, and assisted each of the remaining Defendants, and ratified and/or authorized the acts and omissions of each Defendant as alleged herein; thus, each Defendant is jointly and severally liable for the damages caused by each other Defendant. All Defendants jointly engaged in tortious activity thereby resulting in the deprivation of constitutional rights.

## GENERAL ALLEGATIONS

20. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

21. On May 15, 2022, Defendant David Morgan reported to law enforcement that his son, Brian Morgan and friend, Matt Mittelstaedt, had 4-5 shots fired in their direction by Loeffler. They reported that after the first 5 rounds were fired, moments passed before a sixth round was reportedly fired in their direction, although the initial report states that none of the rounds were heard striking near them. Defendant David Morgan reported that he could see Loeffler through binoculars standing on his

covered deck in a shooting position facing the Morgans' and Mittelstaedt's direction. Defendants Brian Morgan and Matt Mittelstaedt stopped shooting and went inside the Morgan residence for about 5 minutes. Defendant David Morgan reported that when Brian Morgan went back outside to pick up the targets they had been shooting at, a seventh shot was fired at him [Brian Morgan] and stated that the round went over Brian Morgan's head and ricocheted North of him, which is when the three men retreated to the Morgan residence and called 911.

22.     These reports are false. Loeffler did not possess any firearms on May 15, 2022, and was not firing any firearms on that day.

23.     Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt engaged in a conspiracy to fabricate these false reports against Loeffler in order to cause him to suffer harm at the hands of law enforcement. This was an attempted "swatting" incident where false reports of an ongoing criminal act are made to law enforcement with the hope that law enforcement will respond and use force causing death or injury to the victim of the swatting event, as happened in this instance.

24.     As a result of the false allegations made by Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, Ravalli County Sheriff's Office representatives responded to Loeffler's residence and engaged in unjustified use of force against Loeffler, including but not limited to the use of a Taser, along with physical abuse resulting in broken ribs, bruises, and lacerations, among other injuries.

25. Ravalli County Sheriff's Office representatives searched Loeffler's person, vehicles, home, and property but no firearms were found anywhere in Loeffler's possession, custody, or control.

26. Ravalli County Sheriff's Office representatives conducted gunshot residue testing of Loeffler's hands and determined that: (1) there was no gunshot residue on Loeffler's face; (2) there were only six particles "consistent with" gunshot residue on Loeffler's left hand; and (3) there were only thirteen particles "consistent with" gunshot residue, and only six particles "characteristic of" gunshot residue on Loeffler's right hand.

27. These results indicate that Loeffler did not fire any firearms on May 15, 2022, and that the GSR particles were likely cross-contamination from law enforcement officers or were from other sources such as brake pads or some other source.

28. Loeffler was improperly charged with numerous felonies.

29. The felony charges were later dismissed by Ravalli County when it became clear that they were not supported by the facts.

30. As a result of the felony charges being improperly brought against Loeffler, he has lost his job and has had to relocate out of state for employment.

31. As a result of the conduct described herein, Loeffler has suffered severe emotional distress, lost income, loss of employment, lost enjoyment of life, and costs associated with changing careers and relocating for employment.

## COUNT I -- DEFAMATION/FALSE REPORTS TO LAW ENFORCMENT
## Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt

32.     Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

33.     Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt "swatted" Loeffler by purposely and intentionally making false reports to law enforcement with the goal of causing law enforcement to respond by using force against Loeffler.

34.     Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, conspired to fabricate claims that Loeffler was shooting firearms at them.

35.     Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, conspired to fabricate these claims against Loeffler in the hopes that law enforcement would respond to the false claims and use force against Loeffler.

36.     Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, engaged in the practice known as "swatting" Loeffler in the hopes that Loeffler would be harmed.

37.     Law enforcement officers did in fact respond to the false report, and during their response, they engaged in unjustified use of force against Loeffler, causing injuries including broken ribs, bruises, and lacerations, among other injuries.

38.     It was foreseeable to Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, that making false reports against Loeffler indicating that he was firing firearms at them would result in law enforcement using force against Loeffler.

39.     It was foreseeable to Defendants David Morgan, Brian Morgan, and Matt

9

Mittelstaedt, that making false reports against Loeffler indicating that he was firing firearms at them would result in criminal prosecution against Loeffler which would affect his employment and cause him other damages.

40. Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt are liable for defamation and making false reports to law enforcement in an amount to be determined at trial.

### COUNT II -- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt

41. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

42. The intentional conduct of Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt, described herein, constitutes circumstances where serious or severe emotional distress to Loeffler was the reasonably foreseeable result of their actions.

43. Loeffler is entitled to an award of compensatory damages for the harm he suffered as a result of Defendants David Morgan, Brian Morgan, and Matt Mittelstaedt's intentional infliction of emotional distress upon him.

### COUNT III – 42 USC § 1983
### Ravalli County and all Officer Defendants

44. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

45. Defendants' actions set forth above violated 42 USC § 1983 depriving Loeffler of constitutional rights protected by the Fourth and Fourteenth Amendments

to the United States Constitution, including the right to be free from unreasonable seizure, excessive and unreasonable force, and unlawful deadly force, as secured by the Fourth and Fourteenth Amendments.

46. Defendants' wrongful conduct was committed knowingly, maliciously, or with conscious and reckless disregard for the rights and safety of Loeffler.

47. As a direct and proximate result of Defendants' acts or omissions as set forth above, Loeffler sustained injuries and damages in an amount to be proven at trial.

48. The Defendants' conduct entitles Loeffler to an award of punitive damages and penalties allowable under 42 USC § 1983 and Mont. Code Ann. § 27-1-221.

## COUNT IV – NEGLIGENCE
### Ravalli County and all Officer Defendants

49. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

50. Each of the Defendants owed Loeffler a duty to act with reasonable care.

51. The duties owed by Ravalli County and the Officer Defendants include the duty to refrain from unnecessarily using excessive force; refrain from unnecessarily creating or escalating a situation where the use of excessive force might become necessary; refrain from abusing their authority; act reasonably under the circumstances in accordance with their training and experience; and to refrain from violating Loeffler's constitutional rights.

52. The Defendants breached each of their duties set forth above as alleged in this Complaint.

53. The Defendants' breach of their duties caused injuries and damages to Loeffler in an amount to be proven at trial.

## COUNT V – ASSAULT AND BATTERY
### Ravalli County and all Officer Defendants

54. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

55. The Officer Defendants intentionally threatened harmful and offensive contact against Loeffler under circumstances which created a well-founded fear of such harmful and offensive contact and further Officer Defendants did appear to have the present ability to carry out such threat, and in fact did carry out such contact when they deployed the Taser, tackled, beat, and used unjustified force against Loeffler.

56. The Officer Defendants did intentionally, wantonly and maliciously attack Loeffler, and the intentional contact was harmful and offensive.

57. Ravalli County is liable for the conduct of its officers.

58. As a result of the assault carried out on Loeffler by the officers, Loeffler has sustained serious and permanent injuries.

## COUNT VI--MALICIOUS PROSECUTION
### All Officers and Ravalli County

59. Loeffler re-alleges the preceding paragraphs as if fully set forth herein.

60. The officers who seized, arrested, and charged Loeffler--despite the fact that Loeffler was unarmed and therefore could not have been the person who allegedly

discharged a firearm toward Defendants Morgan and Mittelstaedt--subjected Loeffler to an unlawful, illegal, and excessive detention.

61. The officers further compounded the unlawful, illegal, and excessive detention by charging Loeffler with felony criminal charges that were totally unjustified.

62. As a result, Loeffler was improperly detained and imprisoned, and subsequently was forced to defend against bogus criminal charges.

63. Ravalli County eventually dropped the criminal charges but only after Loeffler's reputation was ruined, resulting in the loss of his employment and other damages.

64. Ravalli County and the Officers are liable to Loeffler for common law malicious prosecution, false arrest, and false imprisonment.

65. Ravalli County and the Officers are alternatively liable for violations of Loeffler's rights under the Fourth Amendment and Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.  See *Thompson v. Clark*, 142 S.Ct 1332 (2022).

66. Ravalli County and the Officers are alternatively liable for violations of Loeffler's rights under Article II, Section 11, and Article II, Section 17, for improper search and seizure and violation of his due process rights.

67. Loeffler is entitled to an award of damages against Ravalli County and the

Officer Defendants for malicious prosecution and violation of his rights under the United States and Montana Constitutions.

WHEREFORE, Plaintiff requests the following relief against each and every Defendant, jointly and severally:

A. All past and future medical expenses;

B. All past and future expenses and damages for physical and mental pain and suffering;

C. All out-of-pocket expenses;

D. All past and future wage loss;

E. Punitive damages under 42 USC § 1983 and Mont. Code Ann. § 27-1-221, in an amount to be proven at trial;

F. Plaintiff's costs of suit;

G. Reasonable attorney's fees and costs as allowed under state or federal law; and

H. Such further relief as the Court may deem just and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues appropriate for jury trial.

//

//

Respectfully submitted this 14th day of May, 2024.

       SIEFERT & WAGNER, PLLC

      By: /s/ Nathan G. Wagner
        Nathan G. Wagner
        *Attorney for Plaintiff*